**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA 57501-2463**

**IRVIN N. HOYT**
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

August 23, 2005

Patrick T. Dougherty, Esq.
Attorney for Plaintiff-Trustee
P.O. Box 1004
Sioux Falls, South Dakota  57101-1004

A. Thomas Pokela, Esq.
Attorney for Defendant
P.O. Box 1102
Sioux Falls, South Dakota  57101

     Subject:   *Lovald v. Home Federal Bank*
                  *(In re Jay Scott Pliska)*
                  Adv. 05-4036
                  Chapter 7; Bankr. No. 05-40058

Dear Counsel:

    The matter before the Court is Plaintiff-Trustee John S. Lovald's complaint for turnover of $200,000.00, representing the payout under a term life insurance policy owned by Debtor on the date he filed his chapter 7 petition.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, an order will be entered dismissing this adversary proceeding.

    **Summary.**  The parties filed stipulated facts on August 10, 2005.  Those facts are incorporated by reference herein.

    **Discussion.**  Property of the estate includes, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case," and the "[p]roceeds, product, offspring, rents, or profits of or from property of the estate."  11 U.S.C. § 541(a)(1) and (6).

    In this case, there appears to be no dispute that Debtor's term life insurance policy was property of the estate.  However, it is the payout to Debtor's daughter Alexis J. Pliska, the named beneficiary under that policy, not the policy itself, that is at issue herein.

Re: *Lovald v. Home Federal Bank*
August 23, 2005
Page 2

    Plaintiff has not shown that Debtor had any legal or equitable interest in the post-petition payout under his term life insurance policy. That payout does not represent proceeds, product, offspring, rents, or profits from that term life insurance policy. *See In re Loren E. Volberding*, Bankr. No. 95-40368, slip op. at 2 (Bankr. D.S.D. Dec. 20, 1995) ("The 'proceeds' of a life insurance policy is its surrender value.") (citation omitted). Thus, the payout under Debtor's term life insurance policy is not property of the estate. Plaintiff is not entitled to an order for turnover with respect to any portion of that payout.

    The Court will enter an order dismissing this adversary proceeding.

Sincerely,

*[signature]*

Irvin N. Hoyt
Bankruptcy Judge

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

**AUG 2 3 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By /s/

INH:sh

cc: case file (docket original; serve parties in interest)

John P. Abbott
PO Box 650
Brandon, SD 57005



Patrick T. Dougherty
PO Box 1004
Sioux Falls, SD 57101-1004



John S. Lovald
Trustee
PO Box 66
Pierre, SD 57501



A. Thomas Pokela
PO Box 1102
Sioux Falls, SD 57101